**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DEBBIE MAIR,
*Plaintiff*,
v.
MILFORD POLICE OFFICER SUSAN CLARK, *et al.*,
*Defendants*.

Case No. 3:24cv410 (MPS)

**RULING ON MOTION FOR SUMMARY JUDGMENT**

Debbie Mair, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against nineteen Milford police officers. The remaining claims appear to allege that the defendants (1) shared her medical record and (2) used a code, "Code 10-37," in their police reports concerning her to indicate a mental illness concern.[1] The defendants have filed a motion for summary judgment under Fed. R. Civ. P. 56.[2] ECF No. 66. For the reasons set forth below, I grant the defendants' motion.

## I. Factual Background

Before setting forth the relevant facts, I first address Mair's submissions. On a motion for summary judgment, the Court generally draws its statement of facts from the parties' Rule 56 statements and the admissible evidence submitted therewith. A party opposing summary judgment must file a Local Rule 56(a)(2) Statement, "which shall include a reproduction of each numbered paragraph in the moving party's Local Rule 56(a)1 Statement followed by a response to each

[1] The complaint is 44 pages of disjointed allegations involving various unrelated encounters with nonparties and the "Milford police" dating back to 2019. ECF No. 39. I have construed Mair's *pro se* pleadings liberally to raise the strongest arguments they suggest, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), and have gleaned these claims based on my review of the complaint as a whole.

[2] Although Mair filed an affirmation and various exhibits in response to the defendants' motion, see *infra*, she did not file a memorandum of law. This omission does not relieve the district court "of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004).

paragraph admitting or denying the fact and/or objecting to the fact...." D. Conn. L. Civ. R. 56(a)(2)(i). Under Local Rule 56(a)(3), each denial in an opponent's Local Rule 56(a)(2) Statement must be followed by a specific citation to admissible evidence, such as an affidavit or deposition testimony. D. Conn. L. Civ. R. 56(a)(3).[3]

Mair did not file a proper response to the defendants' Rule 56(a)(1) Statement. Although she filed a document titled "Local Rule 56(a)(2) Statement of Facts in Opposition to Summary Judgment," ECF No. 67,[4] she responded to only the first five paragraphs of the defendants' Rule 56(a)(1) Statement and failed to respond to the remainder. And while she included, as required, a separate section entitled "Additional Material Facts," the majority of these factual assertions are not relevant to the remaining claims, as they concern allegations about her neighbors, her attorneys, her competency evaluation, police encounters beyond the statute of limitations, and various court proceedings, and/or are not supported by a specific citation to evidence as required under Rule 56(a)(3). Along with her Rule 56(a)(2) statement, Mair submitted an "affirmation," ECF No. 68, and a compilation of assorted documents, which include insurance documents, police reports, court transcripts, and correspondence from her former attorneys in different cases. ECF No. 69. But because she is a *pro se* litigant, I have considered her submissions in my review of the record despite her failure to comply with the Local Rules, to the extent they are supported by admissible evidence. More specifically, I treat as admitted the properly supported factual statements in Defendants' Local Rule 56(a)(1) Statement that are either met with denials that Mair has not

---

[3] Defendants informed Mair of these requirements by providing her with a "Notice to Self-Represented Litigant Concerning Motion for Summary Judgment," in accordance with Local Rule 56(b). ECF No. 66-6. Although defendants failed to comply with the requirement that they attach copies of Local Rule 56 and Rule 56 of the Federal Rules of Civil Procedure, I excuse this non-compliance under the circumstances in this case because (1) the Notice itself refers to the Rules, which are available through the Court's website and otherwise online; (2) the plaintiff's procedural failures in this case – such as her failure to cite specific evidence to support her assertions – violate requirements specifically described in the Notice itself; and (3) there does not appear to be any reasonable possibility that providing a copy of the Rules to the plaintiff would have made a difference in this ruling.

[4] Mair filed this document twice. It appears on the docket also at ECF No. 68-3.

properly supported with evidence in the record or to which she has failed to respond at all. See Fed. R. Civ. P. 56(e)(2); D. Conn. L. Civ. R. 56(a). I also consider the properly supported facts gleaned from her submissions. Having done so, I treat the following facts as undisputed unless otherwise indicated.

Mair has resided with her family on Pomona Avenue in Milford, Connecticut for approximately thirty years. ECF No. 67 ¶ 1. The Milford Police Department has an extensive history with her. *Id.* ¶ 3. Officers from the Milford Police Department have responded to various calls from Mair and other citizens because of their interactions with her. *Id.* ¶ 2. Some of these reports were from Mair's neighbors, who claimed that she had made threatening statements and had engaged in disruptive and concerning behavior. *Id.* ¶ 5. Mair admits that the neighbors made these complaints but maintains that the complaints were not true. *Id.* Some citizens sought restraining orders against Mair. ECF No. 66-5 ¶ 6.

Milford police officers frequently include abbreviations and codes in their reports, including the code "10-37" which the department uses to identify someone who might be suffering from a mental health issue or who is in need of medical assistance. *Id.* ¶ 7. Code 10-37 does not indicate any specific medical diagnosis. *Id.* ¶ 8. Codes are utilized based on an officer's knowledge, training, and experience. *Id.* The Milford police department routinely assigns its social worker and community engagement officers to assist individuals who might be experiencing mental health difficulties or if they appear in need of mental health services based upon an officer's investigation and reporting. *Id.* ¶ 9.

Milford police personnel have not disclosed any of Mair's sensitive medical information including, but not limited to, any diagnosis of treatment for any medical or mental health condition. *Id.* ¶ 12.

As noted, Mair's complaint alleges encounters with Milford police officers spanning several years. Sergeant Lacey is the only named Defendant police officer who responded to a call involving Mair or interacted with her within the three-year statute of limitations that governs this case, that is, after March 21, 2021.[5] *Id.* ¶¶ 13, 17. On May 29, 2021, Sergeant Lacey investigated a complaint against Mair by a neighbor. *Id.* ¶ 14; ECF No. 66-4 at 2. Lacey's report states that a neighbor had complained that Mair was on her property. ECF No. 66-4 at 2. The report states that "Mair does have obvious 10-37 concerns." ECF No. 66-5 ¶¶ 14-15; ECF No. 66-4 at 2. No enforcement action was taken in response to the complaint. ECF No. 66-5 ¶¶ 14-15; ECF No. 66-4 at 2.

**Mair's Allegations**

Mair alleges that in violation of her "privacy rights," the defendants shared a February 8, 2020 medical record from Yale concerning her that contained "false statements," which she refers to as a "fake medical record." ECF No. 68, Mair Affirmation ¶¶ 4, 6; see ECF No. 39 at 25 (alleging that the defendants "wrote a February 8, 2020 A Fake Medical Record from Yale hospital Fake Doctor BALESM" and that "[t]his document was place[d] in Plaintiff's File at the Milford police department by defendants and publicly shared.") She identifies this record as Exhibit A of her exhibits. ECF No. 68, Mair Affirmation ¶¶ 4, 6. That document is a Police Emergency Examination Request dated February 8, 2020. ECF No. 68-2 at 1. Such a request is completed by police when seeking to take an individual into custody for an emergency examination. Specifically, Conn. Gen. Stat. § 17a-503 provides that

[5] "Claims for constitutional violations under [section] 1983 ... are governed by a three-year statute of limitations." *Young v. Duncan*, No. 18-CV-857 (AWT), 2018 WL 11302943, at *2 (D. Conn. June 4, 2018) (citing *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994)). In an earlier ruling, I found that the continuing violation and equitable estoppel doctrines - neither of which she raised but which the Court considered in an abundance of caution - did not apply. ECF No. 61.

> [a]ny police officer who has reasonable cause to believe that a person has psychiatric disabilities and is dangerous to himself or herself or others or gravely disabled, and in need of immediate care and treatment, may take such person into custody and take or cause such person to be taken to a general hospital for emergency examination under this section. The officer shall execute a written request for emergency examination detailing the circumstances under which the person was taken into custody, and such request shall be left with the facility.…

In the emergency examination request form submitted by Mair, the "requesting officer," Officer Park, who is *not* a named defendant, stated that Mair is a danger to herself and others. ECF No. 68-2 at 1. The request form further stated that Mair "tried to mace a puppy which was walking with a child." *Id.* Mair also submitted an excerpt from another document titled "Reporting Officer Narrative," regarding the incident. ECF No. 69 at 38. According to that document, Park was dispatched to Walnut Beach parking lot "on report of a psychological incident." *Id.* A woman reported that Mair had followed her and her son and had pointed pepper spray at the puppy. *Id.* Park seized a canister of pepper spray and some rocks from Mair. *Id.* He completed the Police Emergency Evaluation Request form. *Id.* Park gave a copy of the form to the ambulance personnel. *Id.* Mair was transported by ambulance to the hospital for evaluation. *Id.* According to this document, Officers Simpson, Magnan, and Park, and Nelson Ambulance personnel were involved in restraining Mair. *Id.* Mair also submitted an excerpt of another, apparently related document that appears to be authored by Officer Simpson that states that force needed to be used in the encounter. ECF No. 68-1 at 3.

Thereafter Mair completed a "Request for Amendment to Medical Record" for Yale New Haven Health indicating that certain information – including the statement that she was a danger to herself or others – was incorrect. ECF No. 68-1 at 1. The hospital responded that the Police Emergency Examination Request form "is not completed by Yale New Haven Health, rather by the Milford Police Department." ECF No. 69 at 8. Mair was informed that "[a] copy [of the Police

Emergency Examination Request form] was provided to Yale New Haven Health System and a patient label added for retention in your medical record." *Id.*

**Code 10-37**

Mair also alleges that the defendants perceived her "as having a mental illness (code 10-37)" and claims they placed a Code 10-37 in their reports regarding her to indicate mental illness in "[v]iolation of [her] civil rights." ECF No. 39 at 4, 25.

## II. Legal Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A genuine dispute of material fact exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. Rule Civ. Proc. 56(c)). A motion for summary judgment may be granted only if "no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citation omitted). But the non-moving party cannot rely upon mere "conclusory statements, conjecture, or speculation" to meet its burden. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996). *See Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) ("reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion").

Finally, where, as here, a party is proceeding *pro se*, the court reads the *pro se* party's papers liberally and interprets them "to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks and citation omitted).

## III. Discussion

The defendants move for summary judgment on Mair's claim that they shared her medical record on the grounds that (1) Mair's claim "lacks any objective support and is based entirely on speculation and conjecture," ECF No. 66-1 at 1, (2) Mair has not demonstrated personal involvement as to the defendants in any alleged wrongdoing, *id.* at 8, and (3) they are entitled to qualified immunity, *id.* at 10. I agree as to the first point and do not address the defendants' other arguments.

In response to the defendants' argument that her claim lacks any factual support, Mair filed an affirmation in which she avers that the "defendants shared the 'fake medical record'" in violation of her privacy rights. ECF No. 68, Mair Affirmation ¶¶ 4, 6. Even when viewed in the light most favorable to Mair, however, her allegations are conclusory, unsupported by admissible evidence, and are therefore insufficient to overcome the defendants' motion for summary judgment. *See, e.g., Ramos v. Town of E. Hartford*, No. 3:16-CV-166 (VLB), 2019 WL 2785594, at *4 (D. Conn. July 2, 2019) ("Conclusory statements unsupported by admissible evidence, speculation, conjecture, or surmise do not create a genuine issue of fact for a jury to decide and will not defeat summary judgment."); *Jiannetto v. Washington Mut. Bank*, No. 04CV4205(ARR)(RER), 2007 WL 952062, at *6 (E.D.N.Y. Mar. 28, 2007) (where "plaintiff offers nothing but unsupported, conclusory statements in opposition to defendant's well-pleaded motion for summary judgment … his opposition cannot defeat defendant's motion"). Mair offers no factual support for her allegations and, as a result, has failed to raise a genuine issue of material

fact as to whether the defendants violated her right to privacy. Summary judgment is granted as to this claim.

**Code 10-37**

I next address Mair's claim that the defendants placed a Code 10-37 in their reports to indicate she suffered from mental illness. ECF No. 66-5 ¶ 17. As a threshold matter, Mair fails to demonstrate the personal involvement of any of the defendants within the limitations period except for Officer Lacey.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). "The burden is on a plaintiff to present sufficient evidence to demonstrate the personal involvement of each of the defendants, and it has been recognized that a defendant's motion for summary judgment must be granted in the absence of such evidence." *Lewis v. City of New York*, No. 07 Civ. 7258(CM), 2010 WL 2836112, at *4 (S.D.N.Y. June 29, 2010). Mair has not met her burden. Summary judgment is granted as to all defendants except Lacey on the grounds that they lacked personal involvement.

As to Lacey, he noted in a report that Mair had "10-37 concerns." ECF No. 66-5 ¶¶ 14-15; ECF No. 66-4 at 2. The record indicates that he took "[n]o enforcement action" in response to the neighbor's complaint. ECF No. 66-4 at 2. The defendants argue that Lacey's use of a department code in a report to indicate that Mair had possible mental health issues, without more, fails to state a cognizable constitutional violation. I agree. Nothing in Mair's voluminous submission indicates

anything further about Lacey's report, his conduct, or his notation of "10-37." She does not articulate which of her constitutional rights she claims Lacey's conduct violated, nor is it evident on this record which of her civil rights is at issue.[6] Because Mair's threadbare allegation fails to allege a cognizable § 1983 claim against Lacey, the defendants' motion for summary judgment is granted.

## IV. Conclusion

For these reasons, the defendants' motion for summary judgment (ECF No. 66) is granted. The Clerk is directed to close the case.

IT IS SO ORDERED.

_________/s/___________
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
August 26, 2026

[6] In an earlier ruling on defendants' motion to dismiss, I held that Mair failed to state an equal protection claim based on her allegation that she was perceived as mentally ill. ECF No. 61 at 6-7.